UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELVIN BERNARD FLOWERS,

    Petitioner,

v.                                      CASE NO. 6:08-cv-1982-Orl-19KRS
                                          (6:06-cr-125-Orl-19KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case is before the Court on the following matters:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Illegal Sentence (Doc. No. 1, filed November 24, 2008) is **DENIED** as moot. Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Illegal Sentence (Doc. No. 8), which shall be considered by the Court.

2.    Upon consideration of the amended motion and in accordance with the *Rules Governing Section 2255 Cases in the United States District Courts*, it is **ORDERED** as follows:

(a)    The Government shall, within forty-five (45) days from the date of this Order, file a response indicating why the relief sought in the amended motion should not be granted.

(b)    As part of the initial pleading required by paragraph (a) of this Order, the Government shall also:

(1) State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

(2) Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial pleading;

(3) Summarize the results of any direct appellate relief sought by Petitioner to include citation references and copies of appellant and appellee briefs from every appellate proceeding.[1]

***(4) Provide a detailed explanation of whether the motion was or was not filed within the one-year limitation period as set forth in 28 U.S.C. § 2255 (Supp. 1996).***

(c) Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government listed in the bottom of this Order.

(d) Petitioner shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

**DONE AND ORDERED** at Orlando, Florida this 21st day of January, 2009

---

[1] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849 (1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 1/21
Delvin Bernard Flowers

Office of the United States Attorney
501 W. Church Street
Suite 300
Orlando, Florida 32805